IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD G. JOHNSON,                          )
                                            )
            Petitioner,                     )
                                            )
      v.                                    )   Civ. A. No. 06–130-KAJ
                                            )
U.S. MARSHAL'S OFFICE,                      )
RAPHAEL WILLIAMS, Warden,                   )
CARL C. DANBERG, Attorney                   )
General of the State of Delaware, and       )
UNITED STATES ATTORNEY                      )
GENERAL,                                    )
                                            )
            Respondents.                    )

**O R D E R**

At Wilmington this 26th day of May, 2006;

IT IS ORDERED that:

1. Petitioner Ronald G. Johnson's *pro se* petition for a writ of habeas corpus

filed pursuant to 28 U.S.C. § 2241 is DISMISSED as moot. (D.I. 1)

In December 2001, a federal jury in the United States District Court for the

Western District of Virginia convicted Johnson on twenty counts of aiding and abetting

in the preparation of fraudulent tax returns in violation of 18 U.S.C. §§ 2 and 282. The

court sentenced him to forty-six months imprisonment, followed by three years of

supervised release. *See* D.I. 19 in *U.S.A. v. Johnson*, 05-cr-29-KAJ.

Johnson's supervised release began immediately upon his release from federal

prison on February 10, 2005. One mandatory condition of Johnson's federal

supervised release was that he could not commit another federal, state, or local crime.

*Id.*at D.I. 4.

In April 2005, I accepted jurisdiction over Johnson's supervised release upon a transfer request  from the District Court for the Western District of Virginia. *Id.* at D.I. 1, 3. On April 16, 2005, Johnson was arrested in the State of Delaware and charged with two counts of offensive touching of a law enforcement officer or ambulance attendant, resisting arrest, menacing, offensive touching, first degree unlawful imprisonment, and possession of a deadly weapon during the commission of a felony. *Id.* at D.I. 4. Consequently, on May 19, 2005, a U.S. Probation Officer filed a Petition for Action on Violation of Supervised Release and requested a warrant for Johnson's arrest. *Id.* I issued a  warrant on May 24, 2005. *Id.*

Johnson filed the instant § 2241 petition in February 2006. At that point in time, Johnson was in state custody awaiting his state criminal trial, which was scheduled for May 2006. *See Johnson v. State*, No.37,2006, Order (Del. Feb. 17, 2006); *see generally* docket in *U.S.A. v. Johnson*, 05-cr29-KAJ; (D.I. 1, at 2). Johnson's petition asserts that the warden should remove or dismiss the federal warrant because it constitutes a detainer lodged against him in secret. Johnson also appears to request a "speedy" hearing on his federal supervised release violation. (D.I. 1, at 4; D.I. 4; D.I. 5)

On April 24, 2006, Johnson was transferred from state to federal custody pending his federal supervised release revocation hearing. *See* D.I. 5 in *U.S.A. v. Johnson*, 05-cr-29-KAJ. I conducted a federal supervised release revocation hearing for Johnson on May 11, 2006. Yet, after determining a need for further information regarding the status of Johnson's state charges, I asked the Government to obtain and

submit the relevant information by May 19, 2006. I also provided Johnson with time to respond to the Government's submissions, and I ordered the revocation hearing to reconvene on May 30, 2006. *Id.* at D.I. 12; D.I. 15. The Government has complied with my request, and has provided state documentation demonstrating that Johnson's state charges were *nolle prossed* on April 21, 2006. *Id.* at D.I. 19, at Exh. 16.

I acknowledge that I would have jurisdiction over Johnson's petition to the extent Johnson asserts speedy trial claims. *See Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975). However, I do not have jurisdiction to review moot cases. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation); *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005)(the mootness "principle derives from the case or controversy requirement of Article III of the Constitution"); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); *Chong v. District Director, INS*, 264 F.3d 378, 383-84 (3d Cir. 2001). A case becomes moot if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(internal citations omitted); *see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. *Kissinger*, 309 F.3d at 180. When, as here, a petitioner does not challenge a state conviction, he can only satisfy Article III's "actual controversy" requirement by demonstrating continuing collateral consequences stemming from an illegal custody

that are "likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

After careful review, I conclude that Johnson's § 2241 claims are moot for three reasons: 1) his state criminal charges have been *nolle prossed* and he is no longer in state pre-trial custody; 2) his federal supervised release revocation hearing is scheduled to reconvene on May 30, 2006; and 3) he has not alleged, and I cannot discern, any continuing collateral consequences stemming from his past pre-trial state custody that can be redressed with a favorable habeas opinion. Accordingly, because it is clear that Johnson is not entitled to habeas relief, I summarily dismiss his § 2241 petition. *See* Rules 1(b) and 4, 28 U.S.C. foll. § 2254 (explaining that a federal court can summarily dismiss a habeas petition without requiring an answer from the respondents if the face of the habeas petition plainly demonstrates that the petitioner is not entitled to relief) ; *Divner v. Commonwealth*, 2005 WL 2106560, at *1-2 (W.D. Pa. Aug. 29, 2005)(collecting cases).

2. Johnson's "Motion for Removal of Detainer" is DENIED as moot. (D.I. 4)

3. Johnson's "Motion for Leave to Proceed In Forma Pauperis" is provisionally GRANTED for the purposes of this order. (D.I. 6)

4. Johnson's "Motion for the Appointment of Counsel" is DENIED as moot. (D.I. 7)

5. A certificate of appealability will not be issued. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

4

6. The clerk of the court is directed to mail a copy of this order to Johnson and

to the respondents.

UNITED STATES DISTRICT JUDGE